**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CORY I. PARIS, ID # 28007-077,** | ) | |
| Movant, | ) | No. 3:08-CV-1800-N-BH |
| vs. | ) | No. 3:05-CR-0010-N |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3-251*, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Movant, a current inmate in the federal prison system, filed this *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* (Motion to Vacate) to challenge his federal conviction and sentence in Cause No. 3:05-CR-0010-N. The respondent is the United States of America (government).

**A. Factual and Procedural History**

On January 19, 2005, movant and a co-defendant were charged by indictment with six counts of wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2; one count of bank fraud in violation of § 1344;[1] and three counts of transportation of stolen goods in violation of 18 U.S.C. §§ 2314 and 2. (*See* Indictment, doc. 1.)[2] On January 31, 2005, a retained attorney entered his appearance on behalf of the co-defendant.[3] (*See* Entry of Appearance of Counsel, doc. 5.) Movant made his initial appearance on the indictment on March 4, 2005, and the Federal Public

---

[1] The bank fraud charge was only against movant.

[2] Unless stated otherwise, all document numbers refer to the docket number assigned in the underlying criminal action.

[3] The attorney will be generally referred to as the co-defendant's attorney.

Defender was appointed to represent him. (*See* Minute Entry, doc. 15; Order Appointing Federal Public Defender, doc. 18.)

On October 17, 2005, movant signed a factual resume in which he admitted facts sufficient to support the elements of the offenses charged in the indictment. (*See generally* Factual Resume, doc. 31.) At his rearraignment before a United States Magistrate Judge on November 2, 2005, movant pled guilty to the indictment without a plea agreement. (*See* Tr. Rearraignment at 12.) After placing movant under oath (*id.* at 2), the Court inquired about the voluntariness of the plea and the factual basis for it (*id.* at 10-12, 15-16). The Court recommended that the plea be accepted, the recommendation was accepted on November 18, 2005, and movant was adjudged guilty. (*See* Orders, docs. 37 and 43.)

On December 19, 2005, a Probation Officer submitted a Presentence Report (PSR) to assist the district court at sentencing. The PSR reflected a total offense level of twenty resulting from a base offense level of seven, a twelve-level increase under USSG § 2B1.1(b)(1)(G) for a loss amount more than $200,000 but less than $400,000; a two-level increase for the number of victims under § 2B1.1(b)(2)(A); a two-level increase because the offense involved the receipt and sale of stolen property under § 2B1.1(b)(4); and a three-level decrease for acceptance of responsibility. Based on a criminal history score of twenty-nine that resulted in a criminal history category of VI, the PSR reflected an applicable guideline sentencing range of seventy to eight-seven months. The PSR also noted that movant's significant criminal history could warrant an upward departure from the calculated sentencing range.

On February 3, 2006, the Probation Officer submitted an addendum to the PSR addressing objections by both parties, including movant's objections to the enhancement for receiving and

selling of stolen property, the calculation of his criminal history, and the restitution amount. Although the addendum reflected a corrected criminal history score of twenty-three, the offense level and criminal history category remained the same. The addendum did not change the calculated guideline range or remove the enhancement or the factor that could warrant an upward departure.

On March 23, 2006, the Probation Officer submitted a second addendum to the PSR addressing additional objections by the government based on evidence of additional burglaries and loss amounts. Based on acceptance of the government's position, the second addendum reflected an adjusted total offense level of twenty-eight based on a base offense level of seven, a sixteen-level increase under § 2B1.1(b)(1)(I) for a loss amount greater than $1,000,000 but less than $2,500,000; a two-level increase for the number of victims under § 2B1.1(b)(2)(A); a two-level increase because the offense involved the receipt and sale of stolen property under § 2B1.1(b)(4); a four-level increase for movant's role in the offense as a leader/organizer; and a three-level decrease for acceptance of responsibility. Based on the adjusted offense level and a criminal history category of VI, the second addendum reflected an adjusted applicable guideline sentencing range of 140 to 175 months.

On April 19, 2006, the Probation Officer submitted a third addendum addressing movant's objections to the second addendum. In addition to reasserting his prior objection to the enhancement for receiving and selling stolen property, movant also objected to the calculation of the loss amount, the leader/organizer enhancement, and the restitution amount. Movant's arguments were rejected, and the third addendum did not change the calculated guideline range of 140 to 175 months or remove any enhancements or the factor that could warrant an upward departure.

On April 24, 2006, the Court conducted a sentencing hearing. (Tr. Sentencing at 1.) The Court entered judgment on movant's guilty plea on May 4, 2006, and sentenced him to 175 months

imprisonment on counts one through seven and 120 months on counts eight through ten, to run concurrently. (*See* Judgment, doc. 88). On May 29, 2007, the Fifth Circuit Court of Appeals affirmed the convictions. *United States v. Paris*, 239 Fed. App'x 69 (5th Cir. 2007) (per curiam). The Supreme Court denied certiorari on October 9, 2007. *Paris v. United States*, 128 S.Ct. 430 (2007).

**B. Substantive Claims**

In his *pro se* motion filed on October 9, 2008, movant asserts the following grounds for relief:

(1)     he was assessed additional points at sentencing as a result of a conflict of interest because his co-defendant's attorney had initially represented him in this federal criminal case and on related state matters;

(2)     the loss calculation in the PSR was incorrect;

(3)     the enhancement for receiving and selling stolen property was unwarranted;

(4)     the leader/organizer enhancement was unwarranted;

(5)     ineffective assistance of counsel.

(*See* Mot. Vacate at 5-6.) The government contends that the loss calculation claim has already been decided adversely to movant on direct appeal, the two enhancement claims are not cognizable on collateral review, and the remaining claims of conflict of interest and ineffective assistance of counsel have no merit. (Resp. Opp'n Mot. § 2255 [hereafter Resp.].) Movant filed a reply brief. (*See* Def.'s Reply [hereafter Reply].)

## II.  CONFLICT OF INTEREST

In his first claim, movant asserts that he received an increased sentence due to a conflict of interest because his co-defendant was represented by an attorney who had initially represented movant in this criminal action and on related state matters. (Mot. Vacate at 5-5a; Reply at 6-7.)

4

The Sixth Amendment provides a right to assistance of conflict-free counsel. *See United States v. Burns*, 526 F.3d 852, 856 (5th Cir. 2008). To show a violation of that right, a prisoner must show an actual conflict that adversely affected his attorney's performance. *Id.*; *accord Mickens v. Taylor,* 535 U.S. 162, 172 n.5 (2002). The courts "must ask whether [defense counsel] labored under a conflict of interest, which was not merely hypothetical, and whether that conflict adversely affected the representation (*i.e.*, whether it was an actual conflict)." *United States v. Infante*, 404 F.3d 376, 392 (5th Cir. 2005).

Here, movant claims that his co-defendant's attorney was also his attorney in this federal criminal action. (Mot. Vacate at 5; Reply at 6.) He contends that once he and his co-defendant were indicted, the attorney took her case. (Mot. Vacate at 5.) The record does not show that the co-defendant's attorney represented movant in any respect in this federal criminal action. The indictment was filed on January 19, 2005, the co-defendant's attorney entered his appearance at the co-defendant's initial appearance on January 31, 2005, and the Federal Public Defender was appointed to represent movant at his initial appearance in March 2005. The record reflects that the Federal Public Defender was the only attorney who represented movant during the federal criminal proceedings, and that there was no actual conflict of interest. Movant does not allege that the appointed Federal Public Defender worked under any conflict of interest. Because movant received conflict-free representation from the attorney appointed to represent him in this federal criminal action, he has shown no violation of the Sixth Amendment right to conflict-free counsel.

Additionally, movant has not shown that he was adversely affected by the alleged actions of his co-defendant's attorney. When he raised the issue at sentencing, the Court essentially stated that the increased offense level did not affect the sentence because it would have imposed a sentence

5

"very consistent" with the 175-month sentence even had it sentenced movant under the original PSR. (*See* Tr. Sentencing at 56-65.) Given that statement, movant cannot show that he was adversely affected by the alleged conflict. Without an adverse affect, the conflict claim has no merit.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his fifth claim, movant asserts several grounds of ineffective assistance of counsel. (*See* Mot. Vacate at 6a-6c.) He claims that his attorney failed to (a) call witnesses at sentencing; (b) adequately object to the leadership enhancement; (c) bring the alleged conflict of interest to the Court's attention; (d) clearly state that movant would not be a witness for his co-defendant; (e) request a downward departure; (f) properly object to his criminal history score; (g) properly object to amount of restitution; and (h) provide requested discovery. (Mot. Vacate at 6a-6c.) These claims all appear to concern post-plea acts or omissions of counsel.[4]

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong requires a finding that counsel's performance was constitutionally effective. *See id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

---

[4] Although Claims 5(c), (d), and (h) could concern alleged deficiencies that occurred prior to movant's guilty plea, his voluntary plea waived the claims to that extent. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (holding that once a criminal defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the proceedings below are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea). Given that waiver, Claims 5(c), (d), and (h) will be further considered only to the extent they relate to post-plea conduct.

To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694 ; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). In the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

To succeed on his claim that his attorney failed to call two witnesses who would have

provided favorable testimony at sentencing, (Mot. Vacate at 6b), movant must show that such witnesses were available, their testimony would have been favorable, and they would have been willing to testify on his behalf. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). Unless the movant provides the court with affidavits, or similar matter, from the alleged favorable witnesses suggesting what they would have testified to, claims of ineffective assistance of counsel fail for lack of prejudice. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001). Although he states in his reply brief what he believes the witnesses would have stated had they been called (*see* Reply at 9-11), his own assertions as to the content of their testimony are insufficient to carry his burden to show prejudice without more. Consequently, this claim fails for lack of prejudice.

Movant also alleges that his attorney failed to properly object to the leadership enhancement and to his criminal history score, and that he failed to request a downward departure. (Mot. Vacate at 6b.) These claims fail because movant has shown no reasonable probability that any objection to these sentencing issues or a request for downward departure would have been successful. Moreover, even if movant had a valid objection to the calculated sentencing range or had requested the downward departure, the Court expressly stated that its sentence would be "very consistent" with the imposed 175-month sentence even if it were sentencing movant under the original PSR calculation. (*See* Tr. Sentencing at 65.) Given that express statement, there is no reasonable probability that the Court would have granted a requested downward departure or imposed a lesser sentence based upon an objection to the sentencing calculations.

8

Movant next alleges that his attorney failed to alert the Court about the alleged conflict of interest of co-defendant's attorney. (Mot. Vacate at 6b.) However, movant himself brought the alleged conflict of interest to the attention of the Court, and the Court found no reason to alter its sentence. (*See* Tr. Sentencing at 57-60, 64-65.) Movant has shown no reasonable probability that he would have received a less harsh sentence had his attorney brought the matter to the Court's attention earlier.

Movant's claim that his attorney failed to clearly state that movant would not be a witness for his co-defendant, (Mot. Vacate at 6b), is unsupported by the record. (*See* Tr. Sentencing at 59 (movant stated that his attorney clearly informed the government that he would not be testifying on his co-defendant's behalf).) Movant has also not shown how a more clear statement would have affected his sentence. This claim fails for lack of deficiency of counsel and resulting prejudice.

As for movant's claim regarding the objections to the amount of restitution, (Mot. Vacate at 6b-6c), claims of ineffective assistance of counsel based upon restitution imposed at sentencing are not cognizable in a § 2255 action because they do not relate to unlawful custody. *See United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994). Additionally, because the *Strickland* prejudice component requires a showing of harm that relates to the prisoner's custody, an ineffective assistance claim based upon restitution necessarily fails for lack of prejudice. *See id.*

Finally, movant alleges that his attorney failed to provide requested discovery. (Mot. Vacate at 6c.) However, he fails to show how additional discovery would have resulted in a less harsh sentence. In his reply brief, he points to a pending motion for discovery that he filed in this criminal case, and argues that such discovery would show prejudice. (*See* Reply at 1, 8, 17.) That filing (doc. 126) reveals no reasonable probability that had movant had the requested discovery he would

9

have received a less harsh sentence.

Movant's ineffective assistance of counsel claims entitle him to no relief in this action.

### IV. SENTENCE ENHANCEMENTS

In his second, third and fourth claims, movant asserts that the Court improperly calculated the loss amount under USSG § 2B1.1(b)(1)(I) and improperly enhanced his sentence under § 2B1.1(b)(4) (business of receiving and selling stolen property) and § 3B1.1 (organizer or leader). (Mot. at 5-6a.)

It is well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. *See*, *e.g.*, *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* Accordingly, movant's claims that trial court miscalculated the loss amount and should not have applied the other two enhancements under the guidelines are not cognizable under § 2255.

Furthermore, under the advisory federal sentencing scheme in place since *United States v. Booker*, 543 U.S. 220 (2005), the alleged miscalculation of the loss amount and misapplication of the two other enhancements made no difference to the sentence imposed in this case. At sentencing, the District Judge clearly indicated that, had he sentenced movant under the original PSR, *i.e.*, with a sentencing range of seventy to eighty-seven months, he would have "certainly" departed upward from that guideline range to impose a sentence "very consistent" with the imposed 175-month sentence. (*See* Tr. Sentencing at 64-65.) Consequently, these claims would entitle movant to no

relief in this § 2255 action even if they were cognizable.

## V. EVIDENTIARY HEARING

Section 2255 of Title 28 of the United States Code provides that no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). The motion to vacate and the files and records of this case conclusively show that movant is entitled to no relief, so no hearing is required.

## VI. RECOMMENDATION

The Court should **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 26th day of August, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE